McBRIDE, Judge.
The sole point involved in this workman’s compensation case is whether plaintiff sustained a compensable injury while in the employ of Higgins, Inc. He appealed from a judgment dismissing his suit against said employer and its compensation insurance carrier for compensation at the maximum rate for 400 weeks, contending that he is totally and permanently disabled.
The trial court was of the opinion that plaintiff had not carried the burden of proving that he is the victim of any disabling accident.
On the trial below plaintiff contended that he met with not one but three accidents at various times and that the third one aggravated a pre-existing injury resulting from either or both of the two *415 others and as a result he cannot do his work except in pain and with physical discomfort and that for all intents and purposes he is totally and permanently disabled from doing work of any reasonable character. His petition sets forth only the last of the three accidents plaintiff refers to.
Plaintiff, aged 43, had been employed at Higgins Industries, Inc., for twelve years in the capacity of burner, the duties of which occupation entail the cutting out of sections of sheet metal according to prearranged designs. He maintains that about July, 1958, he injured his back when he stooped to pick up a burning machine weighing approximately 50 pounds; that about the beginning of 1962 he sustained a second back injury while lifting some steel. He states he reported both these accidents to the employer. He received no compensation, and despite the alleged accidents continued performing his full duties. However, plaintiff at his own request had heat therapy applied to his back at the first aid station at the employer’s plant from time to time during a period of about five years. He insists that in July of 1963, he had his third and last accident. This third accident, he says, occurred while he was walking across a sheet of corrugated steel which was damp from rainfall, and that he slipped, falling on his buttocks. He testified that from the next day on until his job was terminated, September 29, 1963, he received heat treatment at the first aid station every day. His complaint is “I have a feeling in my back, a pull”.
Plaintiff claims the third accident worsened his back condition and necessitated daily heat treatments, whereas before the last accident he received heat treatments only at irregular times. Plaintiff admits he did not see a doctor until December, 1963, when he was referred by an attorney to Dr. Edward Haslam, an orthopedist, who saw him on eight occasions during a period of thirteen months. When Higgins laid the plaintiff off in September of 1963, because of a lack of work, plaintiff secured other employment in his same occupational field and has continued to work regularly, not having lost any time at all as a result of any alleged injury to his back
Plaintiff asserts he reported the last accident to Lupo, the chief security officer at the Higgins plant. Lupo, who appeared as-plaintiff’s witness, denies such a report was made to him and states that plaintiff never mentioned any fall, complained of no accident and merely mentioned that his back was hurting and he desired heat treatments. The only semblance of proof in the record; that plaintiff was hurt in either the first,, second or third accident and is incapacitated arises from his own statements with which Lupo and plaintiff’s physician disagree. Dr. Haslam testified that he found' a normal degenerative condition in plaintiff’s back not related to trauma, and that such degenerative condition in itself and apart from any possible trauma could be responsible for plaintiff having the symptoms he complains of. Dr. Haslam was unable to testify as to an injury from any or all of the three accidents, but stated that it was possible in the event plaintiff actually had suffered some sort of back sprain two to five years prior to July, 1963, that he still could be having lingering symptoms therefrom. Dr. Haslam’s testimony in nowise bolsters plaintiff’s case but rather points up that the back condition is the result of natural deterioration.
Furthermore, in a report Dr. Haslam made to plaintiff’s attorney under date of November 30, 1964, he stated:
“This man has continued to have on the occasions when I have seen him, objective physical findings which are not particularly severe, but which are consistent with complaints he relates, the symptoms are not sufficiently severe to make it reasonable to remove him from the job or to consider other methods of treatment but yet his back is not normal.”
Thus, Dr. Haslam was then of the opinion and still is that the complaints plaintiff relates are not of sufficient severity as to warrant his leaving his job.
*416 Dr. Irvin Cahen, an orthopedic surgeon, saw and examined plaintiff on February 24, 1964, at the behest of defendant. Dr. Cahen found a normal degenerative arthritic condition and specifically said:
¡i * * * i ¿id not conclude that this type of backache was other than I would refer to as developmental or postural, that is, a backache that could be associated with a patient’s age group, his general habitus and the arthritic changes.”
After considering the record, we agree with the trial judge that the plaintiff has not proved a disabling accident or that he is in any way incapacitated from or incapable of carrying out his regular duties. Under these circumstances his demand must fall. A compensation claimant, the same as any other plaintiff, must prove his claim against the defendant with legal certainty.
In the alternative, on behalf of plaintiff, the claim is made that if plaintiff is not disabled, he is nevertheless entitled to a recovery for an impairment of a physical function under R.S. 23:1221(4) (p). It is argued that his back is impaired to the extent of 20 per cent. Plaintiff’s alternative claim is no better than his principal demand for the reason the evidence is insufficient to show a causal connection between any accident and the alleged partial disability or impairment. The medical testimony is convincing that there is nothing present in plaintiff’s back except normal deterioration resulting from aging processes.
In the alternative, we are also importuned to remand this case to the lower court in order to permit plaintiff to amend his pleading so as to set forth a causal connection between the second accident (against which it is said peremption had not accrued when the suit was filed) and the back condition. To order a remand would be but an idle ceremony; plaintiff has utterly failed in his attempt to prove his present condition was caused by trauma of any kind.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.